UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
KORAN WILKINS,
                                                            :
          Petitioner,                   07 Civ. 6047 (GBD) (GWG)
                                                            :
     -v.-                                REPORT AND RECOMMENDATION
                                                            :
JAMES T. CONWAY,
                                                            :
          Respondent.
                                                            :
------------------------------------------------------------x

**GABRIEL W. GORENSTEIN,** United States Magistrate Judge.

Koran Wilkins has petitioned this Court pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Petition, filed June 26, 2007 (Docket #1) ("Petition"). Following a jury trial, Wilkins was convicted of Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law § 220.16) and Criminal Possession of a Controlled Substance in the Fourth Degree (New York Penal Law § 220.09) and was sentenced to two concurrent terms of imprisonment of five to ten years. See Affidavit in Support of Motion to Dismiss (attached to Notice of Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) and 28 U.S.C. § 2244(d)(1), filed Sept. 6, 2007 (Docket #5) ("Motion to Dismiss")), at ¶ 4. Wilkins appealed his conviction to the Appellate Division, First Department, which affirmed it. People v. Wilkins, 22 A.D.3d 352 (1st Dep't 2005). Wilkins's application for leave to appeal was denied on January 25, 2006. People v. Wilkins, 6 N.Y.3d 782 (2006). The instant petition was signed on June 13, 2007, and was received by the Pro Se Office of this Court on June 21, 2007. The respondent has now moved to dismiss it.

1

Whether the Petition Was Filed Within the Statute of Limitations

The respondent argues that the petition was failed too late under the statute of limitations. See Memorandum of Law (attached to Motion to Dismiss) at 2. The governing statute, 28 U.S.C. § 2244(d)(1), provides a one-year limitation period on the filing of habeas corpus petitions. While section 2244 provides several possible dates from which the one-year period may begin to run, the only applicable date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Second Circuit case law, that period begins from "either the completion of certiorari proceedings in the United States Supreme Court, or – if the prisoner elects not to file a petition for certiorari – the time to seek direct review via certiorari has expired." Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001). Thus, Wilkins's conviction became final 90 days after his conviction, or April 25, 2006. See Sup. Ct. R. 13.1. The one-year deadline thus expired on April 25, 2007.

Wilkins asserts that his time to file the petition should be tolled because "[t]he respondent/people failed to serve me or my attorneys' [sic] with notice of entry of the judgment pursuant to New York Civil Practice Law and Rules . . . section 5513(1) . . . ." Petition, ¶ 14. Section 5513, however, does not govern federal habeas proceedings but affects only the time within which to file a state notice of appeal. See N.Y. C.P.L.R. § 5513; accord Thompson v. Smith, 2006 WL 1455461, at *2 (E.D.N.Y. May 22, 2006) ("[t]he relevant date of final disposition is the date of issuance of a court order") (citations and internal quotations omitted).

The Second Circuit Court of Appeals has held that only in "'rare and exceptional circumstances' [may] a petitioner . . . invoke the courts' power to equitably toll the limitations

period." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam)), cert. denied, 546 U.S. 961 (2005). Such tolling is available where the petitioner shows that "extraordinary circumstances prevented him from filing his petition on time." Smith, 208 F.3d at 17. Further, he must "have acted with reasonable diligence throughout the period he seeks to toll." Id. Wilkins cannot invoke this doctrine, however, first because he does not even assert that he or his attorneys were unaware of the denial of his application for leave to appeal. Rather, his petition implies that he received a copy of the relevant order denying leave but merely did not receive a copy of the notice of entry. In addition, Wilkins never even states the date on which he or his attorneys became aware of the order denying leave. Finally, Wilkins makes no showing that he acted with "reasonable diligence" throughout the relevant period – that is, by seeking to determine whether the Court of Appeals had in fact adjudicated his leave application. For all these reasons, Wilkins has no recourse to the equitable tolling doctrine. See, e.g., Lewis v. Conway, 2007 WL 2907367, at *1 (W.D.N.Y. Oct. 3, 2007) ("Petitioner's assertion that his application should be considered timely because he was never served a notice of entry by the District Attorney does not reach the level of '[r]are and exceptional circumstances' contemplated by the Second Circuit."); Thompson, 2006 WL 1455461, at *3 ("Even if the lack of receipt of the notice of entry could be considered an extraordinary circumstance, petitioner does not show that he acted with 'reasonable diligence' during the period he wishes to have tolled.").

The Merits of the Petition

      The Court notes that even if the petition had not been filed late, it would still have to be denied. The only issue raised by petitioner in the Appellate Division was his claim that

statements made by him and evidence seized from him at the time of his arrest should have been suppressed.  See Brief for Defendant-Appellant (attached as Ex. 1 to Motion to Dismiss), at 9. Under Stone v. Powell, 428 U.S. 465 (1976), a habeas petitioner is not entitled to relief for a Fourth Amendment claim if the state courts provided him with "an opportunity for full and fair litigation" of the claim.  Id. at 482.  Rather, a habeas petitioner's Fourth Amendment claim may be reviewed only "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process."  Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978)).  Neither prong of this test is met here.  First, New York provides a corrective procedure in the form of a suppression hearing.  See N.Y. Crim. Proc. Law § 710.10 et seq.; Capellan, 975 F.2d at 70 n.1.  Second, Wilkins was never precluded from using this mechanism.  Indeed, a suppression hearing was held.  While Wilkins ultimately lost on the merits, he had every opportunity to litigate his motion.

Conclusion

       For the foregoing reasons, Wilkins's petition should be dismissed.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (e).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon.

George B. Daniels, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: October 17, 2007
      New York, New York

                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge

Copies sent to:

Koran Wilkins
04-A-2326
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

Nancy D. Killian
Assistant District Attorney
Office of the District Attorney, Bronx County
198 East 161st Street
Bronx, NY 10451

Hon. George B. Daniels
United States District Judge

George B. Daniels, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: October 16, 2007
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Koran Wilkins
04-A-2326
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

Nancy D. Killian
Assistant District Attorney
Office of the District Attorney, Bronx County
198 East 161st Street
Bronx, NY 10451

Hon. George B. Daniels
United States District Judge